ELIZABETH S. OLNEY *et al. vs.* MARY E. WEAVER *et al.*

PROVIDENCE—AUGUST 8, 1902.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1)  *Equity.  Mutual Mistake of Law.*

Equity will not grant relief where money has been voluntarily paid under a mistake of law, without misrepresentation, undue influence, or advantage, and the contract has been completely executed.

Bill in Equity for an accounting. Heard on motion for re-argument, on exceptions to report of master, and motion denied.

Stiness, C. J. The complainant, Elizabeth S. Olney, prays for an accounting in this suit for partition on the following facts. Her husband was the owner of a life estate, *per autre vie*, in a part of the land involved in the partition known as the Almon Olney estate. The husband died in 1896, intestate. The parties supposed that his widow was entitled to dower in said estate and allowed her one-third of the rent accordingly, and she paid one-third of the repairs and expenses thereon. As she does not receive dower in that estate, she claims that she should be allowed what she has paid for repairs and improvements, as these have enured to the benefit of the children, who own the estate under the will of Almon Olney. The master reported that as the money was paid voluntarily, without misrepresentation, undue influence, or advantage, it was a mistake of law as to an executed contract, between parties on even terms, and the widow was not entitled to an accounting in the matter. On exceptions to the report of the master the court overruled the exceptions, and the complainant now moves for a re-argument.

(1) We see no ground for granting the motion. We agree with the claim of the complainant that equity may relieve a mistake in law in a proper case. What constitutes a proper case is well stated in 20 Am. Eng. Ency. Law (2d ed.), 816, that the rule, ignorance of law excuses no one, is "applied most rigidly at law and is only relaxed in equity when the mistake is mixed with misrepresentation or fraud, or where the ignorance of the complainant has conferred upon the defendant a benefit which he cannot in good conscience retain." Under this last exception might be embraced undue influence, breach of confidence reposed, and executory contracts, where the completion of the contract can properly be stopped. As stated in 1 Beach's Mod. Eq. Juris. § 35, "It is not sufficient to show that there has been a mistake of law, but it must also appear that, under the particular facts of the case, the party is equitably entitled to

relief therefrom." See also 1 Story's Eq. Juris. (13th ed.) § 138. *Diman* v. *P. W. & B. R. R. Co.* 5 R. I. 130. *Allen* v. *Brown*, 6 R. I. 386. *Ryder* v. *Ryder*, 19 R. I. 188. Recognizing, therefore, the rule that equity will relieve a mutual mistake of law only when it has been affected by some ground of equitable consideration, the decision of the master referred to the undisputed testimony, as showing that there was in this case no fraud, misrepresentation, or undue influence, and to answer the claim of unconscionable benefit and advantage to the children, to the fact that according to the bill the complainant had contributed $745 for repairs which she was not bound to pay, and by the testimony had received for rents about $600 which she had no right to demand. All these payments had been voluntarily made with full knowledge of the will of Almon Olney, but with a mistake as to its effect. If the complainant should be allowed for her payments mistakenly made, equally the respondents should be allowed for theirs. We therefore said : "Even if this court were disposed to grant relief in such a case, it is to be presumed she received an enhanced rental by reason of her outlay·; and in view of the probable present value of the improvements and the small margin between the income received and the sum expended, if the complainant should prove all that she claims in the way of expenditures, it would probably be to her detriment to go to the expense of an accounting." We said this, by way of illustration, to show that the case not only lacked the element of unconscionable advantage, but also because improvements made seven years ago, for which she had received her share of rental, and which could not now be taken at their cost, did not show that she had a claim in fact. *Allen* v. *Brown*, 6 R. I. 386.

She now says, in her motion for a re-argument, that she did not receive an enhanced rental by reason of her outlay. We do not see how this helps her present motion. If the statement be true, then the inference is that the repairs were of no value to the estate, which would simply emphasize the fact that the respondents have received no unconscionable benefit.

The motion further states that the court erred in its decision that the margin between the outlay and receipts was small,

and that there is nothing in the case to show this.    The sum
paid out was taken from the bill, and the sum received from
the master's report and from undisputed testimony to that
effect returned by him.

For these reasons we fail to see any error in the previous
decision, and the motion for re-argument is denied.